■ In the Matter of FREDERIKA BLANKNER, Appellant, v LEE GOODWIN, as Commissioner of New York State Division of Housing and Community Renewal, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, which denied petitioner's protest and affirmed an order of the Local Rent Administrator which granted petitioner's landlord a certificate of eviction, the appeal is from a judgment of the Supreme Court, Nassau County, dated December 12, 1975, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements, upon the opinions of Mr. Justice Oppido at Special Term, dated September 17, 1975 and December 12, 1975. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■ In the Matter of DONALD BRICKERS, Petitioner, v WILLIAM G. HEGARTY, Commissioner of Police of the Police Department of the City of New Rochelle, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent police commissioner, dated December 8, 1975 and made after a hearing, which found, *inter alia,* that petitioner had committed acts prejudicial to the good order, efficiency and discipline of the police department and dismissed him from his position as a police officer. On November 4, 1976 this court granted respondents' motion for renewal of a prior order of this court dated October 5, 1976, which prior order, *inter alia,* directed respondents to restore petitioner to his position, with back pay, on the ground that the approval of the city manager had not been obtained as required by provisions of the Charter of the City of New Rochelle. By order dated December 27, 1976, this court remanded the proceeding to Special Term to hear and report as to whether the city manager had approved petitioner's dismissal and, if so, the date of such approval and, in the interim, the appeal was held in abeyance. The hearing has been held and the findings have been received. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. There is substantial evidence to support the determination of the police commissioner, made after a hearing which was fairly conducted. Petitioner's dismissal is not so disproportionate to his offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). The record indicates that petitioner used excessive and unnecessary force in effecting an arrest. Regarding petitioner's contention that the prior approval of the city manager was not obtained, we note that the record, as now presented, shows that such approval was in fact obtained. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.